**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 24-4081**
_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ANTONIO LAMONT SMITH,

Defendant - Appellant.

_____

**No. 24-4196**
_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ANTONIO LAMONT SMITH,

Defendant - Appellant.

_____

Appeals from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., District Judge.  (1:23−cr−00158−WO−1)

_____

Submitted:  May 28, 2026                    Decided:  June 29, 2026

_____

Before THACKER and HEYTENS, Circuit Judges, and TRAXLER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**ON BRIEF:** William S. Trivette, WILLIAM S. TRIVETTE, ATTORNEY AT LAW, PLLC, Greensboro, North Carolina, for Appellant. Randall S. Galyon, Acting United States Attorney, Julie C. Niemeier, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Antonio Lamont Smith ("Appellant") was indicted on April 23, 2023, for a single count of knowingly possessing ammunition as a felon in violation of 18 U.S.C. § 922(g). The indictment also charged an enhancement pursuant to the Armed Career Criminal Act (the "ACCA"), 18 U.S.C. § 924(e)(1), which states, "a person who violates section 922(g) of this title and has three previous convictions by any court . . . for a violent felony . . . committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years."  18 U.S.C. § 924(e)(1). Appellant pled not guilty, and the matter proceeded to a jury trial.

The district court did not instruct the jury to make a finding as to whether Appellant had three qualifying ACCA convictions.  Instead, in accord with then controlling precedent, the court instructed the jury to find only whether Appellant (1) knowingly possessed ammunition and (2) did so with knowledge that he was a convicted felon.  The jury answered in he affirmative on both issues.

At sentencing, the district court made findings of fact with regard to Appellant's prior convictions.  In particular, the court considered Appellant's pre-sentence investigation report, which indicated that Appellant had been convicted in North Carolina state court for armed robberies occurring on January 3, 2000; January 11, 2000; April 24, 2003; and April 30, 2003, respectively. Each of those robberies involved different victims and the use of different weapons by Appellant.  The district court thus determined that Appellant had at least three prior convictions for violent felonies committed on occasions different from one another.  Thus, pursuant to the ACCA, the district court determined that

3

Appellant was subject to a mandatory minimum of 15 years' incarceration. The court sentenced Appellant to 300 months' incarceration. Appellant timely appealed his sentence and conviction.

Thereafter, the Supreme Court issued its opinion in *Erlinger v. United States*, 144 S. C.T. 821 (2024). There, the Court abrogated our prior precedent and established that a criminal defendant is "entitled to have a jury resolve ACCA's occasions inquiry unanimously and beyond a reasonable doubt" by virtue of the Fifth and Sixth Amendments. *Erlinger*, 144 S. Ct. at 1852.

Appellant now argues that pursuant to *Erlinger*, the district court committed prejudicial error by failing to submit to the jury the question of whether Appellant has been convicted of three or more qualifying ACCA offenses, and thus that he is now entitled to a new trial. We disagree and hold that although the district court committed a constitutional error, that error was harmless.

"[H]armless-error review applies to . . . *Erlinger* error[s]." *U.S. v. Brown*, 136 F.4th 87, 94 (4th Cir. 2025) (PVN, TJH, HFF). That standard places on the Government the burden to "prove beyond a reasonable doubt that the error complained of did not contribute to the [result] obtained." *Id.* at 93 (quoting *Chapman v. California*, 386 U.S. 18, 24 (1967)).

North Carolina common law robbery is a violent felony for the purpose of ACCA. *See United States v. Dinkins,* 928 F.3d 349, 355 (4th Cir. 2019). Thus, the only question in this appeal is whether there is any reasonable doubt that the jury would have found unanimously that at least three of Appellant's four prior robbery offenses constitute

4

"occasions different from one another," if instructed by the court to make such a finding. 18 U.S.C. § 924(e)(1); *Brown*, 136 F.4th at 93.

An "occasion" for the purposes of ACCA is "essentially an episode or event" that may encompass multiple crimes even when they are separated by some temporal distance. *Wooden v. United States*, 142 S. Ct. 1063, 1069 (2022). Whether two separate crimes occurred on the same "occasion" is thus a "multi-factored" question that requires us to consider, among other factors: (1) the timing of the offenses; (2) whether the offenses were part of an "uninterrupted course of conduct;" (3) the "[p]roximity of locations" of the offenses; and (4) "the character and relationship of the offenses," including whether they share "a common scheme or purpose." *Id.* at 1070–71.

Appellant does not contest the manner in which his prior convictions were characterized in the PSR. Rather, he concedes that he has prior convictions for four instances of armed robbery involving four different weapons and four different victims on four different dates each separated by not less than six days. Nor does he argue that the crimes took place in the same or similar locations. Instead, Appellant's only argument is as follows: "[A] jury could find that the similarity of conduct, i.e., robbery, warrants a finding that robberies separated by 6 days constitutes [sic] only one occasion." Opening Br. at 13.

We hold that there is no reasonable doubt that the jury would have found Appellant to have been convicted of at least three qualifying ACCA offenses. First, each robbery was separated by at least six days. Second, each involved different weapons, victims, and circumstances, suggesting that no two were part of a single, uninterrupted course of

5

conduct.  Third, there is no evidence in the record that the offenses took place in the same or related locations.  And finally, the evidence suggests that rather than sharing a common scheme or purpose, the robberies were connected only by the same general means and motivation.

Consequently, the district court is

*AFFIRMED*.